700 Bklyn Realty LLC v Forsythe (2025 NY Slip Op 51250(U))

[*1]

700 Bklyn Realty LLC v Forsythe

2025 NY Slip Op 51250(U)

Decided on August 7, 2025

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 7, 2025
Civil Court of the City of New York, Kings County

700 Bklyn Realty LLC, 700 BKLYN 12 REALTY LLC, 
 OOCEANWALK BEACH BKLYN REALTY LLC, OCEANWALK CONDO BKLYN REALTY LLC, 780 BKLYN REALTY LLC, MINNETONKA III BKLYN REALTY LLC and, 
 MINNETONKA V BKLYN REALTY LLC, Petitioners,

against
Theodora Forsythe, W.W., JOHN DOE and JANE DOE, Respondents.

Index No. 329479-22

The Grun Law Group PC
300 East 42nd Street
10th Floor
New York, New York 10017
Attorneys for Petitioner
Brooklyn Defender Services
177 Livingston Street
7th Floor
Brooklyn, New York 11201
Attorneys for Respondent

Sergio Jimenez, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's order to show cause (Seq. 7) and the Department of Social Services' motion (Seq. 8) and any other relief as the court may find appropriate:
Papers Numbered
Order to Show Cause (Seq. 7) with affidavits and exhibits 1 (NYSCEF #110-115)
Affirmation in Opposition (Seq. 7) and exhibits 2 (NYSCEF #116-120)
Order to Show Cause (Seq. 8) with affidavits and exhibits 3 (NYSCEF #121-122)
Affirmation in Opposition (Seq. 8) and exhibits 4 (NYSCEF #124-134)
This proceeding has had a long history that need not be recapped here. What is before the court now are two motions: one (Seq. 8) from the non-party Department of Social Services seeking the appointment of a guardian ad litem for the represented respondent, W.W., and another from W.W.'s attorneys seeking to join DSS as a party to this proceeding under the authority of CCA §110(d) and a further stay (Seq. 7).
While out of order, the court should address the request seeking a GAL first. As a preliminary matter as it could have substantial effect on the proceeding itself. The court, having previously written about the various issues facing the GAL program (354 Chauncey Realty LLC v. B.M., 86 Misc 3d 501 [Civ Ct, Kings County 2025]; 5712 Realty LLC v Ricketts, 85 Misc 3d 867 [Civ Ct, Kings County 2025]), must address the function of guardians in these types of proceedings, not just in general but as these functions arise in different procedural postures. It is established Divisional authority that guardians ad litem are not in "decision-making position[s]" but rather ones who provides aid in applying for "public assistance or arranging clean-ups" (Prospect Union Associates v DeJesus, 167 AD3d 540 [1st Dept 2018]). Generally speaking, GALs are limited to those types of assistive functions. The Appellate Division has noted that in some situations, the GAL in a summary proceeding may be out of their depth when helping a ward with severe needs and that an Article 81 guardianship would be more appropriate (New York Foundation for Senior Citizens v Hamilton, 170 AD3d 543 [1st Dep 2019]). Previously in this proceeding, APS had rejected the respondent as a client for a variety of reasons. After re-referrals and multiple fair hearings, APS accepted the respondent as a client. What follows is the instant motion brought by DSS seeking the appointment of a guardian ad litem. When asked at argument, OLA counsel was unable to satisfactorily answer what DSS expected the guardian to do in this particular case, especially given respondent's very capable counsel.[FN1]
The court appreciates that there are a variety of tasks that fall outside the role, capabilities, and bandwidth of a tenants' attorney. However, the court must ask whether those tasks are appropriate responsibilities to place upon a GAL?
Here, OLA, relying on its psychiatric evaluation report, states that the respondent would benefit from "involuntary financial management, assistance in obtaining a grant to pay rent [*2]arrears, city FHEP[S], help with relocation planning, continued home care services, and connection to outpatient psychiatric tx [sic] and continued outpatient medical treatment." The court notes that the report is sealed and the underlying data and information are not available to the parties, and the formulation aspect and recommendations do not disclose any medically protected diagnosis or information.
However, appellate courts have found, as cited above, that these recommended acts fall outside of the scope of a GAL. A guardian ad litem cannot, in all likelihood, provide home care services or relocate an individual or take over financial management of the respondent in an involuntary manner. Rather, these duties fall within the powers and capacities of an Article 81 guardian. Article 81 petitions are routinely litigated by DSS/APS/OLA. Here, DSS has chosen not to follow that course. Instead DSS seeks to have the court appoint an Article 12 guardian ad litem even though that type of guardian will be inadequate for the tasks that DSS itself is currently recommending.
The court can only posit that, in certain situations, requests for GALs in housing court are used by society at large as a pro forma protection allowing the eviction process to go forward with all parties involved, including the court, complicit in allowing a fig leaf to cover up the inadequacy. This is an attempt to fill a sizeable gap in social services with a moral salve rather than a practical solution. The legislature and executive branches have the power to appropriately fill these gaps, through existing programs, such as CityFHEPS. However, despite the psychiatric evaluation report's conclusion that housing stability through CityFHEPS is the desired goal, OLA has stated that the successful CityFHEPS application is impossible. As such, the court will not give itself, the agency or society at large the cover of appointing a GAL for what amounts to a public relations device. As the court has stated in its prior orders DSS could approve the application as an exception to policy or could have taken the respondent's case during the timeframe between APS referrals or during the time the offer for a new lease was still open. Additionally, DSS could still move for an Article 81 guardian and obtain an indefinite stay from Supreme Court. It was only through multiple fair hearings and extended advocacy by respondent's counsel that APS even considered taking W.W. on as a client. To now move for an entirely inadequate guardian appears disingenuous. After argument and taking into account the above listed papers and various arguments, the court denies the motion sequence 8 for lack of good cause.
With regard to sequence 7, the court grants the motion in part and denies motion in part. Namely, the court grants the motion seeking to join DSS as a party, pursuant to CCA §110(d). Respondent's counsel is ordered to serve a copy of this order and the commencing papers on DSS through OLA. This may be done by email. The court further denies the application seeking a further stay. In the interest of justice, the warrant may execute after service of the marshal's notice which may be done by mail with reasonably contemporaneous email notification to respondent's counsel and OLA counsel as soon as August 11, 2025. The court finds the petitioner's argument unconvincing that the respondent is able to obtain appellate review of this court's declinations to sign orders to show cause not as a miscarriage of justice but rather as commendable advocacy on the part of respondent's counsel. The court explicitly requires re-service of the marshal's notice because APS must be informed of any scheduled eviction prior to [*3]execution.
The court has considered, in this discretionary exercise, the longevity of the proceeding, that OLA/DSS appeared and stated on the record that, despite prior statements to respondent's counsel, the FHEPS application is incomplete in a fatal way as OLA states, on the record, that, despite the petitioner filling out an "Intent to Rent" form in April of 2025, in order to process the application the petitioner would have to provide a new lease agreement, and all of the other arguments made on the record. This constitutes the decision/order of the court.
Dated: August 7, 2025
Sergio Jimenez, JHC

Footnotes

Footnote 1:The Appellate Division, First Department, also remanded for a new trial where a GAL failed to assist in obtaining counsel, cross examine witnesses, submit evidence in support of respondent, and introduced prejudicial/irrelevant testimony to the detriment of the ward (Matter of Anderson Ave. Assoc. LP v Fuller, 238 AD3d 401 [1st Dept 2025]). Here, all of those important functions of a GAL are all unnecessary given the posture of the proceeding. Respondent has extremely competent counsel and the proceeding is post-judgement. None of the factors in the above cited case are present here.